UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**LISA VAUGHN**                                                                                          **PLAINTIFF**

vs.                                           **Civil No. 4:19-cv-04045**

**ANDREW SAUL,**                                                                                         **DEFENDANT**
**Commissioner, Social Security Administration**

**MEMORANDUM OPINION**

Lisa Vaughn ("Plaintiff") brings this action pursuant to §205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C §405(g) (2010), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background**:

On January 18, 2016, Plaintiff protectively filed her application for DIB. (Tr. 13, 135). In her application, Plaintiff alleges she was disabled due to a neck injury, herniated disc, and carpal tunnel syndrome, with an alleged onset date of April 15, 2011. (Tr. 13, 157). The claim was denied initially on July 29, 2016, and again upon reconsideration on October 28, 2016. (Tr. 13, 77, 81).

---

[1] References to the Transcript will be (Tr. ___) and refer to the document filed at ECF No. 11, These references are to the page number of the transcript itself not the ECF page number.

An administrative hearing was held on April 12, 2018. (Tr. 13, 26-46). At the administrative hearing, Plaintiff was present and was represented by counsel, Daniel Graves. *Id*. Plaintiff and Vocational Expert ("VE") Lenora Matuk testified at this hearing. *Id*. On the date of this hearing, Plaintiff testified she was fifty-five (55) years old and had graduated from high school and then cosmetology school. (Tr. 30-31). The ALJ ordered a consultative orthopedic examination. (Tr. 45).

On August 29, 2018, the ALJ entered an unfavorable decision on Plaintiff's application. (Tr. 10-25). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through March 31, 2017. (Tr. 15, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 15, 2011, through her date last insured. (Tr. 15, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease and carpal tunnel syndrome status post release. (Tr. 15-16, Finding 3). The ALJ, however, also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 16-17, Finding 4).

In this decision, the ALJ evaluated the Plaintiff's subjective complaints and determined her RFC. (Tr. 17-27, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and determined they were not entirely consistent with the evidence in the record. *Id*. Second, the ALJ determined Plaintiff retained the RFC for the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except lifting and/or carrying 20 pounds occasionally and 10 pounds frequently; sitting, standing, and walking for 6 hours in an 8-hour workday. The claimant can never reach overhead to the left or the right. Lastly, the claimant can climb ramps and stairs occasionally, and never climb ladders, ropes, or scaffolds. *Id*.

With the assistance of the Vocational Expert, the ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined she able to perform her PRW as a cosmetologist. (Tr. 20, Finding 6). The ALJ found Plaintiff was not disabled for the duration of the relevant time period, from April 15, 2011, through March 31, 2017. (Tr. 21, Finding 7).

Plaintiff requested that the Appeals Council's review the ALJ's unfavorable disability determination. (Tr. 134). On April 16, 2019, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-5). On May 6, 2019, Plaintiff filed the present appeal. ECF No. 2. The Parties consented to the jurisdiction of this Court on May 6, 2019. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 15, 16. This case is now ready for decision.

**2. Applicable Law**:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. §423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. § 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.  **Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC." *Id*.

In making her RFC determination, the ALJ gave substantial weight to the opinion offered by the state agency medical consultant, Dr. Thomas, on October 26, 2016, who opined Plaintiff could perform light work with no overhead reach. (Tr. 20, 62-72). However, she gave no weight to the consultative examination provided by Dr. Elkins on June 9, 2018, as it was after the date last insured. (Tr. 20, 449-456). The ALJ did not offer any further reasoning or explanation for affording this opinion no weight, nor did she explain why the opinions of the examining physicians was afforded less weight than the opinions offered by a non-examining physician. *Id*. The ALJ did not order the consultative examination until the administrative hearing on April 12, 2018, after the date last insured. (Tr. 45). The ALJ did not provide good reasons for disregarding the opinion

5

provided by Dr. Elkins from the June 2018 consultative examination as required by 20 C.F.R. §404.1527(c). The Court finds the ALJ's RFC determination is not supported by substantial evidence and requires remand to further develop the record and further consider Plaintiff's maximum RFC.

On remand, the ALJ is directed to address interrogatories to a medical professional requesting that said physician review Plaintiff's medical records; complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and give the objective basis for the opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. The ALJ may also order a consultative examination, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnosis Plaintiff's condition(s), and complete a medical assessment of Plaintiff's abilities to perform work related activities. *See* 20 C.F.R. § 416.917.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

The undersigned acknowledges that the ALJ's decision may be the same after proper analysis. Nonetheless, proper analysis must occur. *Groeper v. Sullivan,* 932 F.2d 1234, 1239 (8th Cir. 1991).

**4. Conclusion**:

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**ENTERED this 8th day of June 2020**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE